# HENRY C. PARKER & a., Petitioners for Highway in Manchester.

On the laying out of a highway, a mortgagee in possession is entitled to notice as a land owner.

If the mortgagee in possession hold under a mortgage from a railroad corporation, duly executed, the court will not, in a proceeding for laying out a highway, inquire whether the railroad corporation had legal authority under their charter to make the mortgage.

PETITION for a new highway in Manchester. The petition was referred to the road commissioners, who made their report, laying out the road. It appeared that the Merrimack and Connecticut River Railroad, prior to July 20, 1855, had made a mortgage of all their real and personal estate to trustees, for security of certain bonds ; that on the same 20th of July the trustees entered into possession of all the real and personal estate of the road, under the mortgage ; that the railroad the same day surrendered all the mortgaged property to the trustees, and that the trustees have held possession under the mortgage ever since, and were

thus in possession at the time of the hearing before the commissioners. Notice of the hearing was served on the Merrimack and Connecticut River Railroad, on the 12th of October, 1855, but no notice was served on the trustees.

The city of Manchester objected to the acceptance of the report, for want of notice on the trustees in possession. The petitioners contended that the railroad had no legal authority thus to mortgage and surrender the property of the road, and that the mortgagees were not entitled to notice.

*Morrison, Fitch & Stanley*, for the petitioners.

*Foster*, and *S. N. Bell*, for Manchester.

PERLEY, C. J. The case shows that the railroad had executed a mortgage of all their real estate, and had surrendered the road and the land to the mortgagees, who were in possession under the mortgage. Where the mortgagor remains in possession, it has been decided that he is the proper party to have notice of the hearing on a petition to lay out a highway. *Parish* v. *Gilmanton*, 11 N. H. 293. But where the mortgagee has taken possession, we think he is the party entitled to notice, and to receive the money awarded for damages. He would be obliged to account for the damages he had received, if the mortgagor came to redeem, and there would be no difficulty in arranging the equitable rights of the parties under the mortgage. If the mortgagor out of possession were to receive the damages, the security of the mortgagee might be endangered.

We think we cannot in this proceeding go into the inquiry whether their charter authorized the railroad to make this mortgage. The trustees are in possession of the land, under a conveyance regular in form, from the party admitted to have owned the land at the time of the conveyance. No question as to their right under the mortgage is here made by the State, the railroad, or any other party interested in the title; and we think that in this public proceeding for laying out a highway we cannot enter upon that inquiry.

*The report must be rejected, and the petition recommitted.*